UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

2300 XTRA Wholesalers, Inc. et al.

Debtors

---

CONDAL DISTRIBUTORS INC. and
CONDAL IMPORTS INC.

Appellants

2300 XTRA WHOLESALERS, INC. and RANDALL
MEAT MARKET, INC.,

Appellees

---

*Oral Argument Requested*
To be Argued by:
 Joseph A. Altman, Esq.

Chapter 11

District Court

Case No. 10 CV 7292

_____
**ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**
_____
**APPELLANTS' REPLY BRIEF**
_____

Joseph A. Altman
Joseph A. Altman, P.C.
951 Bruckner Blvd.
Bronx, New York 10459
Phone:  718-328-0422
*Attorney for Appellants*

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................... i

**PRELIMINARY STATEMENT** ............................................................................ 1

Stay terminated by operation on Bankruptcy Code
section 362(e) and there is no waiver. .......................................................... 2

Certain cases relied upon by the Appellees are
distinguishable and are non-binding ............................................................. 3

Appellees have admitted that the stay imposed
by Bankruptcy Code section 362 does not apply to Randall. ....................... 4

Appellees' statement that 2300 was in possession
of the Premises is not supported by the record ............................................. 4

Appellees' statement that there is no mandate that OJ Resources
could not manage the Premises is not supported by the record .................... 5

Appellees' statement that New York State Court never
found, nor was it asked to find, that OJ Resources
demonstrate adequate assurance of future performance
under the Lease is not supported by the record ............................................ 6

Assuming arguendo that they had any right in and
to the Lease and/or the Premises, the Appellees can
no longer assume or assume and assign the Lease ....................................... 6

**CONCLUSION** ..................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*In re 48th Street Steakhouse, Inc.*, 835 F.2d 427 (2d Cir. 1987)……………………………………….4

*Baker v. Dorfman*, 239 F.3d 415 (2d Cir. 2000) ………………………………………………..6 n. 4

*City of New York v. State*, 40 N.Y.2d 659, 389 N.Y.S.2d 332 (1976)…………………………….3

*In re Cohoes Industrial Terminal, Inc.*, 70 B.R. 214
(S.D.N.Y. 1987), *aff'd without opinion*, 831 F.2d 283 (2d. Cir. 1987) …………………………..…1

*In re Damach, Inc.*, 235 B.R. 727 (Bankr. D. Conn. 1999)………………………………………….8

*Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355 (11th Cir. 1984)………………...…6 n. 4

*In re Ducks in a Row, Inc.*, No. 09-40170-DOT, 2004 WL 4399096
(Bankr. E.D. Va. Apr. 16, 2004)……………………………………………………………………..8

*In re Esmizadeh*, 272 B.R. 377 (Bankr. E.D.N.Y. 2002)………………………………………….8

*In re Frank Santora Equipment Corp.*, 256 B.R. 354 (Bankr. E.D.N.Y. 2000)……..………….3

*Graubard Mollen Horowitz Pomeranz & Shapiro v.*
*600 Third Ave. Associates*, 93 N.Y.2d 508 (N.Y. Ct. App. 1999)…………………………………...1

*Harvey v. Veneman*, 396 F.3d 28 (1st Cir. 2005)…………………………………………….....6 n. 4

*Huber v. Taylor*, 469 F.3d 67 (3d Cir. 2006)…………………………………………………...…7

*King Party Center of Pitkin Avenue, Inc. v. Minco Realty, L. L. C.*,
729 N.Y.S.2d 183, 286 A.D.2d 373 (N.Y. Sup. Ct. A.D. 2d. Dept. 2001)………………………..1

*In re Mad Lo LLC*, 2009 WL 2902567 (Bankr. S.D.N.Y. 2009)…………………………………….3

*In re Michael H. Clement Corp.*, No. 09-43502, 2009 WL 3366976
(Bankr. N.D. Cal. Oct. 15, 2009)……………………………………………………………………8

*North Alamo Water Supply Co. v. City of San Juan*, 90 F.3d 910 (5th Cir. 1996)…………..6 n. 4

*Orr v. Wal-Mart Stores, Inc.*, 297 F.3d 720 (8th Cir. 2002)……………………………………….7

*Policy Realty Corp. v. Treber Realty LLC* (*In re Policy Realty Corp.*),
213 F.3d 626, 2000 WL 534265 (2d Cir. 2000) (unpublished decision)…………………………4

*In re Project Orange Assocs. LLC*, No. 10-12307(MG), 2010.
WL 2521073 n 11 (Bankr. S.D.N.Y. June 23, 2010) ………………………………………....10

*In re Sweet N Sour 7th Ave. Corp.*, 431 B.R. 63 (Bankr. S.D.N.Y. 2010)…………………………..3

*In re Tubular Technologies, LLC*, 348 B.R. 699 (Bankr. D.S.C. 2006)..…………………………8

**Statutes**

11 U.S.C. § 362(b)(10)……………………………………………………………………………....2, 4

11 U.S.C. § 362(e) …………………………………………………………………………….........2, 3

11 U.S.C. § 365(d)(4)..……………………………………………………………………………2, 6, 7, 9

**Treatise**

3 Collier's on Bankruptcy ¶ 362.05[10] (15th rev. ed. 2008)……………………...…………...2

3 COLLIER ON BANKRUPTCY ¶ 365.04[4] (16th ed. 2009)…………………………..…9

Jason Binford, *Deadline Hard Line: Bowles v. Russell and the
Special Significance of Statutory Deadlines*, 26 AM. BANKR. L.J. 22, 73 n. 28 (2007)………..9

**Congressional Record**

H.R.Rep. No.109-31(I) (2005)……………………………………………………………...10

**PRELIMINARY STATEMENT**

Appellants[1] file this reply brief in support of their appeal of the Order of the Bankruptcy Court and in reply to the Appellees' Principal Brief [D.I. No. 8] dated October 26, 2010 (the "Appellees' Brief").

The court in *In re Cohoes Industrial Terminal, Inc.*, 70 B.R. 214, 219 (S.D.N.Y. 1987), *aff'd without opinion*, 831 F.2d 283 (2d. Cir. 1987) held that "an order of the [state] court extinguishing the tenant's right to possession terminates the landlord-tenant relationship, regardless of the tenant's continued unauthorized possession of the premises.") (internal citations omitted). In addition, the Court of Appeals of the State of New York in *Graubard Mollen Horowitz Pomeranz & Shapiro v. 600 Third Ave. Associates*, 93 N.Y.2d 508, 513 (N.Y. Ct. App. 1999) has held that where a "landlord gave the tenant written notice to cure pursuant to the lease … [and] the tenant … did not obtain a temporary restraining order[,] … the lease terminated [after the cure period elapsed and the] Court was powerless to revive the expired lease"); *see also, King Party Center of Pitkin Avenue, Inc. v. Minco Realty, L. L. C.*, 729 N.Y.S.2d 183, 286 A.D.2d 373 (N.Y. Sup. Ct. A.D. 2d. Dept. 2001) (holding that a commercial tenant confronted with the threat of termination due to notice from the landlord must commence a Yellowstone proceeding in a timely manner). Accordingly, as a result of the Second Termination Notice and the Judgment of Possession, the Lease terminated prior to the Initial Petition Date.

However, the Appellees now argue that 2300 was in possession of the Premises on the Initial Petition Date and thus somehow the Lease did not terminate. In support, the Appellees cite to non-binding case law that is also clearly distinguishable. Binding case law established by both the Second Circuit Court of Appeals and the Court of Appeals of the State of New York

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Appellants' Brief dated October 12, 2010 D.I. No 4 ("Appellants' Brief").
In addition, all citations to the Appellants' Appendix are represented as A ######.

dictates that the Lease terminated prior to the Petition Date, including for purposes of Bankruptcy Code section 362(b)(10). In any event, (a) the record, including the statements and arguments of the Appellees, (b) the simple fact that the Appellees turned over possession of the Premises to OJ Resources in 2008, (c) as of the Initial Petition Date, the Premises were empty (and remain empty) and (d) the Appellees are non-operational entities, each proves that at all relevant times 2300 was not in "possession" of the Premises.

Therefore, the Appellees cannot now claim any right, title or interest in and to the Lease and/or the Premises and by operation of Bankruptcy Code section 362(b)(10) the automatic stay does not apply. *See* 3 Collier's on Bankruptcy ¶ 362.05[10] (15th rev. ed. 2008) ("Leases completely terminated prepetition should not be considered property of the estate because the debtor retains no legal or equitable interest after termination … .").

Moreover, as discussed in detail below, there is yet another reason to permit the Appellants to enforce their rights and remedies against the Appellees. By operation of Bankruptcy Code section 365(b)(4), the Lease can no longer be assumed or assumed and assigned and is deemed rejected.

Accordingly, this Court should reverse the Order.

**Stay terminated by operation of Bankruptcy Code section 362(e) and there is no waiver[2]**

Appellees' Brief accurately cites to Bankruptcy Code section 362(e). *See* Appellees' Brief pp. 17-18. However, the Appellees have alleged that the Appellants either did not raise arguments related to Bankruptcy Code section 362(e) or waived it. *See* Appellees' Brief pp. 17-18. The record is clear that the Appellants raised this issue and there is no waiver. The Appellants raised this issue in pleadings submitted to the Bankruptcy Court in connection with

---

[2] It also appears that the Appellees are alleging that the Appellants have somehow not presented a complete record to this Court. Yet, in detailing the procedural history, including the "sale motion" the Appellees simply cite to the Appellants' Appendix.

the motion. A 000378. Subsequently, the Appellees submitted additional pleadings, in which they did not counter this argument. The Appellees also do not submit that they argued before the Bankruptcy Court against operation of Bankruptcy Code section 362(e). In addition, the Appellees do not submit that the Bankruptcy Court ordered the stay to be continued at any time, as is required by Bankruptcy Code section 362(e). Accordingly, there is no question that the Appellants submitted this argument to the Bankruptcy Court, but it disregarded it and there is no waiver. *See e.g.*, *In re Frank Santora Equipment Corp.*, 256 B.R. 354, 370-71 (Bankr. E.D.N.Y. 2000) ("[a] waiver is the voluntary and intentional relinquishment or abandonment of a known existing legal right."); *City of New York v. State*, 40 N.Y.2d 659, 669, 389 N.Y.S.2d 332 (1976) (under New York law, a waiver is "the intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it").

Appellants' Brief is simply devoid of any reference to case law or facts in the record to support their argument that the Appellants voluntarily and intentionally waived their rights under Bankruptcy Code section 362(e).

Therefore, stay, if any, is vacated by operation of Bankruptcy Code section 362(e).

**Certain cases relied upon by the Appellees are distinguishable and are non-binding**

Appellees' reliance upon *In re Mad Lo LLC*, 2009 WL 2902567 (Bankr. S.D.N.Y. 2009) and *In re Sweet N Sour 7th Ave. Corp.*, 431 B.R. 63 (Bankr. S.D.N.Y. 2010) is misplaced as in both of these non-binding cases the debtor-tenants were in actual physical possession of the leasehold premises, were operational businesses at the leasehold premises and the bankruptcy court required the debtor-tenant to deal with the underlying state court processes in state court. In fact, in both *Mad Lo LLC*, 2009 WL 2902567 *2 and *In re Sweet N Sour 7th Ave. Corp.*, 431 B.R. at 70 the bankruptcy court also held that the fact that the automatic stay applied to the debtor's possessory interest in the property did not resurrect the landlord-tenant relationship and

3

required the debtor-tenant to seek relief from state courts.  The Appellees cite to *In re 48th Street Steakhouse, Inc.*, 835 F.2d 427 (2d Cir. 1987) for the proposition that mere possessory interest is sufficient to trigger automatic stay.  *See* Appellees' Brief p. 12, 14.  However, the issue in 48th Street Steakhouse, Inc. was whether the issuance of a termination notice after the commencement of a bankruptcy case violated the automatic stay.  *See Policy Realty Corp. v. Treber Realty LLC* (*In re Policy Realty Corp.*), 213 F.3d 626, 2000 WL 534265 * 3 (2d Cir. 2000) (unpublished decision) ("we agree with the district court that this Court's prior decision in In re 48th Street Steakhouse, Inc., 835 F.2d 427 (2d Cir. 1987), is inapposite because in that case the landlord only sent a notice of termination to the lessee after the sublessee had filed for bankruptcy").

Here, to the contrary, the Bankruptcy Court categorically refused to vacate the stay by finding that the Lease is to be assumed.  A 000006 – A 000007. Accordingly, the Bankruptcy Court created a right that does not exist.  This is a reversible error.

**Appellees have admitted that the stay imposed by Bankruptcy Code section 362 does not apply to Randall**

Appellees finally admit that Randall is not a tenant under the Lease, that Randall's time to appeal the Judgment of Possession has expired and the question of the automatic stay is not applicable to Randall.  *See* Appellees' Brief p. 21.  Since the Order denying the Motion was entered in favor of both Appellees, this admission alone is sufficient to vacate the automatic stay, if any, in effect in favor of Randal.

**Appellees' statement that 2300 was in possession of the Premises is not supported by the record**

Appellees allege that on the Initial Petition Date (i.e. April 29, 2010), 2300 was in possession of the Premises and the Appellants have misrepresented the record.  *See* Appellees' Brief p. 16.

However, the record establishes that 2300 was not in possession of the Premises. The record indicates that the Appellees submitted the following to the Bankruptcy Court: (a) "2300 XTRA Wholesalers, Inc. is an entity which was established, among other things, to hold the lease for the supermarket at 2300 Randall Avenue, Bronx, New York ('Property'), as will be hereafter set forth. The Debtor Randall Meat Market, Inc. (hereafter referred to as 'Randall Meat') was established for the purpose of operating the supermarket at 2300 Randall Avenue, Bronx, New York[]" (A 000235) and (b) that possession and operation of the Premises was turned over to OJ Resources on March 18, 2008 (A 000237).

In addition, (i) the Bankruptcy Court did not make a finding that the Appellees were in possession of the Premises on the Initial Petition Date,[3] (ii) in their submissions to the Bankruptcy Court, the Appellees did not dispute the Appellants' submission that the Appellees are not in possession of the Premises (A 000330, A 000372), (iii) the Appellees' do not dispute that the Premises are empty and they are non-operating entities and (iv) the Appellees also "admit" that "they were not in possession of the premises until April 22, 2010." *See* Appellees' Brief p. 16. However, somehow they came to possess the Premises on April 29, 2010 – after the Judgment of Possession was entered on April 26, 2010. This is not supported by the record and the Appellees should not be able to submit additional factual arguments that are contrary to the existing record.

**Appellees' statement that there is no mandate that OJ Resources could not manage the Premises is not supported by the record**

Appellees allege that "[t]here are no Supreme Court orders entered saying that O.J. [Resources] could not manage the Premises, as alleged in the Appellants' statement of facts."

---

[3]  Yet despite the plain meaning of Bankruptcy Code section 362(b)(10), it went on to hold that "the nonresidential real property lease is not 'terminated by the ex[pirat]ion of the stated term of the lease before the commencement of or during a case under this title' within the meaning of Section 362(b)(10)." A 000035 – A 000036.

5

*See* Appellees' Brief p. 4.  This statement is also not supported by the record.  To the contrary, when the possession of the Premises was turned over to OJ Resources pursuant to the Management Agreement in 2008, the Appellants served the First Termination Notice and, thereafter, the Appellees commenced Proceeding II (i.e. the "Yellowstone" proceeding against Appellants), which resulted in parties entering into the Proceeding II Settlement.  The Proceeding II Settlement, among other things, required the Appellees to evict OJ resources from the Premises.  A 000178 and A 000349 – A 000353.  Accordingly, to say that there is no mandate with respect to OJ Resources is not accurate.  The fact that rather than take the matter to judgment, the parties entered into the Proceeding II Settlement cannot be equated to lack of mandate to remove OJ Resources from the Premises.

**Appellees' statement that New York State Court never found, nor was it asked to find, that OJ Resources demonstrate adequate assurance of future performance under the Lease is not supported by the record**

Appellees allege that "[c]ontrary to Appellants' statements of fact, the Supreme Court never found, nor was it asked to find, that O.J. [Resources] demonstrate adequate assurance of future performance under the Lease." *See* Appellees' Brief p. 5.  Yet, in papers submitted to the Bankruptcy Court, the Appellees admitted that "[o]n May 14, 2008, the Honorable Maryanne Briganti Hughes entered an order which denied the Debtors' motion [to sell to OJ Resources] without prejudice on the grounds that the Landlord was to be furnished with current financial information and the source of funds to be used to purchase the business." A 000237.

**Assuming arguendo that they had any right in and to the Lease and/or the Premises, the Appellees can no longer assume or assume and assign the Lease[4]**

---

[4] Since this is a pure question of law and the answer is beyond doubt that there can be no assumption, there should be no argument that this is an issue on appeal that cannot or should not be considered.  *See, e.g., Baker v. Dorfman*, 239 F.3d 415, 420 (2d Cir. 2000); *see also, Huber v. Taylor*, 469 F.3d 67 (3d Cir. 2006); *Harvey v. Veneman*, 396 F.3d 28 (1st Cir. 2005); *Orr v. Wal-Mart Stores, Inc.*, 297 F.3d 720 (8th Cir. 2002); *North Alamo Water Supply Co. v. City of San Juan*, 90 F.3d 910 (5th Cir. 1996); *Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355 (11th Cir. 1984).  In any event, the Appellees have introduced facts and matters related to the Sale Order in the Appellees' Brief.

Bankruptcy Code section 365(d)(4) establishes the deadline by when a non-residential real property lease must be assumed and assigned and provides:

> (A) Subject to subparagraph (B), an unexpired lease of nonresidential real property under which the debtor is the lessee shall be deemed rejected, and the trustee shall immediately surrender that nonresidential real property to the lessor, if the trustee does not assume or reject the unexpired lease by the earlier of -
>
> (i) the date that is 120 days after the date of the order for relief; or
>
> (ii) the date of the entry of an order confirming a plan.
>
> (B) (i) The court may extend the period determined under subparagraph (A), prior to the expiration of the 120-day period, for 90 days on the motion of the trustee or lessor for cause.
>
> (ii) If the court grants an extension under clause (i), the court may grant a subsequent extension only upon prior written consent of the lessor in each instance.

11 U.S.C. § 365(d)(4).

The Appellees' Brief represents that 2300 will, upon obtaining relief on the Judgment of Possession, assume and assign the Lease. *See* Appellee' Brief p. 11. It is undisputed that, to date, the Appellees' have not assumed and assigned the Lease. An issue on appeal presented with respect to the Bankruptcy Court's "order approving sale of Debtors' supermarket assets including conditional assumption and assignment of lease (the "Sale Order") dated August 31, 2010" (A 000008 - A 000018) is whether the Debtors' time to assume or assume and assign the Lease has lapsed by application of 11 U.S.C. § 365(d)(4). *See* S.D.N.Y. Case No. 10-7293, D.I. No. 2. Here by operation of Bankruptcy Code section 365(d)(4), the Appellees' time to assume and assign the Lease expired on August 31, 2010. By the Appellees' own admission, the initial 120-day period to assume or assume and assign the Lease expired on August 27, 2010. A 000037. This deadline was extended until August 31, 2010 by order of the Bankruptcy Court entered on August 24, 2010 (A 000698) and there have been no further extensions. In addition, on August 5, 2010, the Bankruptcy Court admitted that it could only extend the initial 120-day

period to assume or reject the Lease once for a period of not more than 90-days. A 000038. The Bankruptcy Court also indicated on August 5, 2010 that "[i]t is also incumbent on the debtor to commence appropriate proceedings to obtain appropriate relief under state law." A 000037 (19:2-3). Yet, the Appellees' did nothing and there was only one extension of the time to assume or reject the Lease until August 31, 2010. A 000698.

Since, to date, the Lease has not been assumed (and frankly, it cannot be assumed) and the 120-day period mandated by the Bankruptcy Code (which, with the Bankruptcy Court approved extension under Bankruptcy Code section 365(b)(4)) expired on August 31, 2010, there is nothing remaining to assume or reject. *See In re Michael H. Clement Corp.*, No. 09-43502, 2009 WL 3366976, at *2 (Bankr. N.D. Cal. Oct. 15, 2009) ("If the debtor-in-possession fails to act within the 120 days, the lease is deemed rejected, and the leased property must be surrendered to the landlord."); *In re Tubular Technologies, LLC*, 348 B.R. 699 (Bankr. D.S.C. 2006); *In re Esmizadeh*, 272 B.R. 377 (Bankr. E.D.N.Y. 2002) (holding that rejection under Bankruptcy Code section 365(d)(4) is self-executing if the trustee does not timely move to assume); *In re Damach, Inc.*, 235 B.R. 727, 731–32 (Bankr. D. Conn. 1999) ("[T]he automatic termination of leases under § 365(d)(4) is a substantive, rather than procedural, matter, and that it may not, therefore, be modified or extended by either the Federal Rules of Bankruptcy Procedure or the Federal Rules of Civil Procedure."); *In re Ducks in a Row, Inc.*, No. 09-40170-DOT, 2004 WL 4399096, at *2 (Bankr. E.D. Va. Apr. 16, 2004) ("The court is without power to abrogate the effect of [§ 365(d)(4)]."). Moreover, commentators concur that it is inappropriate for courts to retroactively extend the statutory period of § 365(d)(4). *See* 3 COLLIER ON BANKRUPTCY ¶ 365.04[4] (16th ed. 2009) ("It is now clear that any order extending the initial 120-day period must be entered before the expiration of the deadline."); Jason Binford, *Deadline Hard Line:*

*Bowles v. Russell and the Special Significance of Statutory Deadlines*, 26 AM. BANKR. L.J. 22, 73 n. 28 (2007) ("By negative implication, the court lacks the authority to extend the period [under § 365(d)(4)] once the initial 120-day period has expired.").

Bankruptcy Code section 365(d)(4) seeks "to establish a firm, bright line deadline by which an unexpired lease of nonresidential real property **must be assumed or rejected** … An extension of time may be granted, within the 120 day period, … This provision is designed to remove the bankruptcy judge's discretion to grant extensions of time ... Beyond that maximum period, the judge has no authority to grant further time unless the lessor has agreed in writing to the extension."   H.R.Rep. No.109-31(I), at 88 (2005) reprinted in 2005 U.S. Code Cong. & Admin. News 152-153.  (emphasis added)

Here, the Appellees, who are sophisticated parties, have continued to use the bankruptcy process as a sword and have trounced upon the Appellants' property rights.  Thus the Appellees should also live up to the obligation imposed upon a debtor by the Bankruptcy Code, including section 365(b)(4).  It is true that the Sale Order finally instructed the Appellees to seek relief with respect to the Judgment of Possession from New York state courts.  However, on many occasions before that the Bankruptcy Court raised these concerns with the Appellees, who choose to disregard them and deliberately delayed the process, including at one point by filing an application to withdraw the reference on the Landlord/Tenant Proceeding.

The ultimate inability to assume the Lease was a concern raised in *In re Project Orange Assocs. LLC*, No. 10-12307(MG), 2010. WL 2521073 n 11 (Bankr. S.D.N.Y. June 23, 2010) ("it would be a needless burden were this Court to have to determine someday the effect of the lapse of time for assumption or rejection of leases, upon leases that were not 'reinstated' until after such lapse.")  Here, the Appellees had the both the ability and the opportunity to go back to New

York state court to seek relief from the Judgment of Possession sooner so as to avoid the implications of Bankruptcy Code section 365(b)(4).  However, they intentionally and knowingly refused to do so.  Thus the Appellees should not be able to escape the consequences of their deliberate actions.

Accordingly, the Appellees' time to assume or assume and assign the Lease expired on August 31, 2010 and stay, if any remains, should be vacated.[5]

## **CONCLUSION**

For the reasons states above, Appellants respectfully request that this Court reverse the Bankruptcy Court's denial of the Motion.

Dated:  November 5, 2010　　　　　　　　**Joseph A. Altman, P.C.**
　　　　　Bronx, New York

　　　　　　　　　　　　　　　　　　　By: /s/ Joseph A. Altman
　　　　　　　　　　　　　　　　　　　　Joseph A. Altman
　　　　　　　　　　　　　　　　　　　　951 Bruckner Blvd.
　　　　　　　　　　　　　　　　　　　　Bronx, New York 10459
　　　　　　　　　　　　　　　　　　　　Phone:  718-328-0422

---

[5] The Appellants reserve all rights in this regard.